**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01855-001-TUC-JGZ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Anthony Arrington, | |
| Defendant. | |

Pending before the Court is Defendant Charles Anthony Arrington's Motion for Return of Property under Federal Rule of Criminal Procedure 41(g). (Doc. 59.) Plaintiff United States of America has filed a response. (Doc. 63.) For the reasons stated below, the Court will deny the Defendant's motion.

## BACKGROUND

On June 25, 2022, Defendant was arrested by United States Border Patrol agents for transporting illegal aliens. (Doc. 1.) Incident to the arrest, agents seized a knife, Defendant's vehicle, four cellular phones, and two electronic notepads. (Doc. 63 at 1.) Subsequently, Defendant pleaded guilty to two counts of transportation of illegal aliens. (Docs. 24, 36.) While Defendant was in custody pending trial, United States Customs and Border Protection, Asset Forfeiture Office ("CBP-AF") initiated the administrative forfeiture of Defendant's vehicle. (Doc. 63 at 2.) Defendant contested the administrative forfeiture by filing an administrative petition, received by the CBP-AF on August 8, 2022, and ultimately denied on May 19, 2023. (Doc. 63 at 2; Doc. 63-1 at 1-8.) CBP-AF mailed

1  notice of the denial to at least two addresses provided by Defendant.[1] (Doc. 63 at 2.) Each
2  mailing was returned to CBP-AF as undeliverable. (Doc. 63 at 2.)

3  On May 8, 2023, Defendant was sentenced to thirty months in prison to be followed
4  by thirty-six months of supervised release. (Doc. 56.) On August 7, 2023, CBP-AF issued
5  a Disposition Order for Defendant's personal property—the knife, four cellular phones,
6  and two electronic notepads that were seized from the vehicle. (Doc. 63-1 at 22.) The Order
7  instructed Defendant to call CBP at the number provided in the Order within 30 days from
8  the date of the Order to recover his property. (*Id.*) The Order further informed Defendant
9  that failure to call within 30 days would result in the Defendant's abandonment of his
10 interest in the property to the United States. (*Id*.) CBP-AF mailed notice to Defendant at
11 the address provided by Defendant on the date of his arrest. (Doc. 63 at 2.) The mailing
12 was returned to CBP-AF as undeliverable. (Doc. 63 at 2.) Defendant's property was
13 destroyed on September 20, 2023. (Doc. 63 at 2.) On January 10, 2024, Defendant filed
14 the pending motion for return of the property. (Doc. 59.)

## DISCUSSION

Federal Rule of Criminal Procedure 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "A Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.' " *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). A criminal defendant is "presumed to have the right to the return of his property once it is no longer needed as evidence." *Mills*, 991 F.2d at 612.

Here, Defendant Arrington has shown that he was legally entitled to the seized property at issue. (Doc. 59-1.) However, the Government, in its response, has introduced

---

[1] The government states in their response that mailings were made to two addresses: the address Arrington provided upon his arrest; and the address listed on the vehicle title. (Doc. 63 at 2.) However, upon review of the government's exhibits, various notes and materials allude to notice also being mailed to the jail address Arrington provided in his administrative petition. (Doc. 63-1 at 12, 18, 25.)

evidence that such property was destroyed. (Doc. 63-1.) As such, the motion will be denied. The government cannot return property it does not have.

The government is required to give notice to all persons who have or claim an interest in property that is subject to administrative forfeiture. *Kadonsky v. United States*, 3 F. App'x 898, 902 (10th Cir. 2001). The Fourteenth Amendment requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Borchardt v. City of Tucson*, 706 F. App'x 372, 373 (9th Cir. 2017) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Here, the United States made reasonable efforts to contact Defendant regarding the forfeiture of his property, including mailing notices to different addresses listed for or provided by the Defendant. (Doc. 59 at 2.) The Court finds that notice was reasonably calculated under the circumstances to apprise Defendant of the action.

Further, "[n]o matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief." *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012). While Defendant Arrington did not explicitly request such relief, this Court would be "without jurisdiction to award money damages against the government under Rule 41(g) until Congress tells us otherwise." *Id*. Accordingly,

**IT IS ORDERED** Defendant Charles Anthony Arrington's Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) is **denied.**

Dated this 6th day of March, 2024.

_____
Jennifer G. Zipps
United States District Judge